**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| **UPPER MISSOURI WATERKEEPER**, | **CV-20-27-GF-BMM** |
| Plaintiff, | |
| vs. | **ORDER** |
| **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY** and **ANDREW WHEELER**, Administrator, United States Environmental Protection Agency, | |
| Federal Defendants, | |
| and | |
| **STATE OF MONTANA, DEPT OF ENVIRONMENTAL QUALITY** and **MONTANA LEAGUE OF CITIES AND TOWNS**, and **TREASURE STATE RESOURCES ASSOCIATION OF MONTANA**, | |
| Intervenors-Defendants. | |

Plaintiffs Upper Missouri Waterkeeper ("Waterkeeper") filed their complaint and request for declaratory and injunctive relief about five months ago. (Doc. 1.) A little over two months later, they filed a motion for summary judgment (Doc. 12), which was quickly followed by the parties submitting a joint case

management plan (Doc. 30) that the Court adopted into a summary judgment briefing schedul (Doc. 31.) At this point, the only briefs outstanding are Federal Defendants and Defendant-Intervenors' replies. (*See* Doc. 31.) Treasure State Resources Association of Montana ("Treasure State") has filed for intervention as of right, or permissively. (Doc. 50.) Waterkeeper opposes on the grounds that the motion is untimely. (Doc. 54.)

Federal Rule of Civil Procedure 24(a) governs intervention as of right. It requires a party seeking to intervene to demonstrate that they can meet four conditions: (1) the motion is timely; (2) the movant asserts an interest in the subject of the action; (3) without intervention the disposition of the matter may impair or impede movant's ability to protect their interest; and (4) that interest is inadequately represented by other parties. *See Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016).

When assessing the timeliness of a motion to intervene, the Court weighs three factors: (1) the stage of the proceeding at which intervention is sought; (2) prejudice to the other parties; and (3) the reason for the length of the delay. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). This Court has broad discretion in weighing and applying these factors.

As for the first factor, the Court notes only that the hearing for summary judgment stands about a month away. For the second factor, the Court feels that

2

any prejudice to Waterkeeper from introducing late arguments can be cured by both limiting the length of Treasure State's brief and allowing Waterkeeper a chance to response to that brief. As for the third factor, the Court stands sympathetic to Treasure State's delays. COVID makes the world move slower and organizations like Treasure State prove no different.

With that in mind, the Court will allow Treasure State to intervene as a party but limit its brief to 3,000 words due on or before September 9, 2020. Further, Waterkeeper may file a response, not to exceed 3,000 words, due on or before September 21, 2020.

## ORDER

Accordingly, **IT IS ORDERED** that the motion (Doc. 50) is **GRANTED**.

Dated the 27th day of August, 2020.

Brian Morris, Chief District Judge
United States District Court