# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UPPER MISSOURI WATERKEEPER,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES EVIRONMENTAL PROTECTION AGENCY and MICHAEL REGAN, Administrator, United States Environmental Protection Agency,<br><br>　　　　　　　Defendants.<br><br>And<br><br>STATE OF MONTANA, DEPARTMENT OF ENVIRONMENTAL QUALITY, TREASURE STATE RESOURCES ASSOCIATION, MONTANA LEAGUE OF CITIES AND TOWNS, and NATIONAL ASSOCIATION OF CLEAN WATER AGENCIES,<br><br>　　　　　　　Intervenor-Defendants. | **CV-16-52-GF-BMM**<br>**CV-20-27-GF-BMM**<br><br>**ORDER** |

## INTRODUCTION

Plaintiff Upper Missouri Waterkeeper ("Waterkeeper") has filed a Motion for Partial Dismissal Without Prejudice (Doc. 105) pursuant to Fed. R. Civ. P. 41(a)(2) for the remaining claims in 4:20-CV-00027-BMM ("Waterkeeper II"). In addition to a dismissal without prejudice, Waterkeeper requests that each party bear its own costs. (Doc. 105 at 2). Defendant United States Environmental Protection Agency ("EPA") consents to dismissal without prejudice. Intervenor-Defendants State of Montana, Department of Environmental Quality, Montana League of Cities and Towns, and National Association of Clean Water Agencies do not oppose the Motion. Only Intervenor-Defendant Treasure State Resources ("TSRA") opposes the Motion.

## BACKGROUND

Waterkeeper filed Waterkeeper II against the EPA on March 31, 2020. (Doc. 1). The issue in Waterkeeper II centers around the "Poison Pill," a non-severablity clause that would act as an automatic nullification to Circular 12-A numeric nutrient criteria for water in Montana. *Id.* at 31. Waterkeeper alleges in its Complaint that the EPA's approval of Montana's Poison Pill conflicts with the Clean Water Act and that it "voids and negates the [] nutrient water quality standard that is necessary to protect designated uses of Montana waters." (Doc. 1 at ¶ 41).

The Court granted TSRA's motion to intervene on August 27, 2020. (Doc. 56). The parties filed and argued motions for summary judgment motions and cross summary judgment. (Docs. 12, 35, 39, 43, and 63). The Court issued an order on the summary judgment motions on November 4, 2020. (Doc. 72). In the Order, the Court consolidated cases 4:16-CV-00052-BMM (Waterkeeper I) and 4:20-CV-00027-BMM (Waterkeeper II). *Id.* The Court also stayed the partial vacatur in Waterkeeper I until the EPA had approved replacement general variance timelines in accordance with the Court's 2019 Summary Judgment Order (Doc. 177) in Waterkeeper I, and further deferred ruling on the summary judgment motions in Waterkeeper II until additional record review had been completed. *Id.*

SB 358 was made Montana law on April 30, 2021, and repealed the Circular 12-A numeric nutrient criteria. The Ninth Circuit ruled shortly after on October 6, 2021, that the variance did not violate the Clean Water Act. *Upper Missouri Waterkeeper v. U.S. Env't Prot. Agency*, 15 F.4th 966, 976 (9th Cir. 2021). Waterkeeper now moves to dismiss the Poison Pill claims in Waterkeeper II without prejudice, and for each party to bear its own fees and costs.

## LEGAL STANDARD

A court may dismiss an action upon a plaintiff's motion subject to terms "that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless the Court specifies otherwise, a Rule 41(a)(2) dismissal is without prejudice. *Id.* The decision

to dismiss without prejudice remains within the sound discretion of the Court. *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) (*citing Stevedoring Servs. of Am. v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989)).

The Court must determine whether the defendant will suffer "some plain legal prejudice as a result of a dismissal." *Id.* (citations omitted). Legal prejudice includes prejudice to some legal interest, claim, or argument. *Id.* at 97. To the contrary, the Ninth Circuit has identified where no legal prejudice exists: uncertainty "because a dispute remains unresolved;" incurred expense in defending a lawsuit; and the need to address issues in another forum or at a later date. *Id.* (see also *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001)). Furthermore, courts consider the plaintiff's diligence in pursuing the claim and the timing of when the voluntary dismissal is sought in relation to the litigation. *Westlands*, 100 F.3d at 97.

## ANALYSIS

### I. Whether a dismissal will result in legal prejudice to TSRA.

Waterkeeper argues that TSRA fails to show legal prejudice as a result from this Court dismissing the remaining claims without prejudice. A dismissal without prejudice does not prevent TSRA from re-asserting its rights and responses to Waterkeeper's claims surrounding the Poison Pill in the future. Similarly, given

that the record in Waterkeeper II is entirely administrative, no future issues exist relating to the preservation of evidence or witnesses. The mere instances that the dispute may remain unresolved or that TSRA has incurred expenses in its intervention in this case are both scenarios that the Ninth Circuit expressly has designated as not rising to the level of prejudice. *Westlands*, 100 F.3d at 97. TSRA fails to show prejudice to any legal interest, claim, or argument. *Id.*

The Court next considers Waterkeeper's diligence in the prosecution of its claims. Little question remains as to Waterkeeper's diligence in this case. Waterkeeper filed summary judgment motions for all claims in the case. (Doc. 12). The Court deferred ruling and stayed the case pending the appeal in Waterkeeper I. (Doc. 72). Although the claims have yet to be decided on summary judgement, it stands apparent that Waterkeeper has pursued a diligent prosecution of its claims. Accordingly, the Court determines that TSRA suffers no "plain legal prejudice" stemming from a dismissal without prejudice. *Westlands*, 100 F.3d at 97.

## II. Whether TSRA is entitled to costs or fees.

TSRA asserts that if the Court elects to dismiss the case without prejudice, the dismissal should be conditioned with an award of fees and costs to TSRA. Rule 41(a)(2) allows the Court to dismiss a case upon the plaintiff's request on "terms that the court considers proper." These terms include an imposition of fees and costs to the objecting party. *Stevedoring*, 889 F.2d at 921. Imposing fees and

5

costs as a condition for dismissing without prejudice, however, is not mandatory. *Westlands*, 100 P.3d at 97. The Ninth Circuit has deemed relevant the merits of a plaintiff's case, but has not explicitly stated whether a plaintiff's good faith pursuit of the action represents a factor to consider. *Id.* (*citing Stevedoring*, 889 F.2d at 922).

The court in *Stevedoring* acknowledged that the Ninth Circuit has not made a dispositive decision as to whether a plaintiff's good faith pursuit of claims is a factor in determining the imposition of fees and costs. 889 F.2d at 922. The Ninth Circuit in *Stevedoring* nonetheless ruled that the district court was justified in declining to award fees and costs when it determined that plaintiffs had pursued their claim in good faith to the point of voluntary dismissal and that plaintiffs had a realistic chance of success. *Id.* at 921.

This Court has already determined that Waterkeeper has diligently prosecuted its claims until Waterkeeper II was stayed by this Court. Waterkeeper does not stand responsible for the current legislative status of Circular 12-A that has "overtaken" the Poison Pill issue. (Doc. 106 at 8). Further, the basis for Waterkeeper's motion for dismissal serves purposes of conserving the parties' resources and for the interests of judicial economy. *Id.* at 4. Notably, Defendant EPA stipulates to a dismissal without prejudice for these reasons. No indication exists that Waterkeeper has failed to pursue its claims in good faith. Similarly, this

Court already has rendered Waterkeeper's claims as having a realistic chance at success, noting that the "evidence seems to demonstrate [] that EPA may have acted arbitrarily and capriciously, as well as unlawfully under the CWA." (Doc. 72 at 19).

TSRA asserts that costs and fees should be imposed because Waterkeeper failed to challenge the Poison Pill throughout the rulemaking before the Board of Environmental Review. (Doc. 107 at 15). TSRA argues that Waterkeeper's failure to challenge the Poison Pill during that stage prevents it from raising the challenge now. *Id.* at 16. Regarding the issue of exhaustion, the Ninth Circuit employs a broad interpretation. Exhaustion does not require plaintiffs to state their claims in precise legal terms, but to raise an issue "with sufficient clarity to allow the decision maker to understand and rule on the issue raised." *Nat'l Parks Conservation Assoc. v. Bureau of Land Mgmt.*, 606 F.3d 1058, 1065 (9th Cir. 2010) (*citing Great Basin Mine Watch v. Hankins*, 456 F.3d 955, 968 (9th Cir. 2006). To sufficiently satisfy exhaustion, a plaintiff must alert the agency and ensure that the agency "be given a chance to bear resolve to a claim." *Native Ecosystems Council v. Dombeck*, 304 F.3d 886, 900 (9th Cir. 2002).

The record indicates that Waterkeeper raised complaints with EPA that remains central to the issues at hand. Waterkeeper objected in written comments and in meetings to any variances to the Circular 12-A numeric nutrient criteria.

(Doc. 108-1 at ¶¶ 5-6). These objections put EPA on notice that an approval of the Poison Pill would nullify numeric standards and "excuse compliance." (Doc. 108 at 8). Further, EPA's own statements give rise to the inference of notice. EPA's 2015 standard of approval conveyed that EPA would refrain from taking action. Statements in an affidavit by Guy Asletzer, the executive director at Waterkeeper, indicate that EPA expressed concern that the Poison Pill fell short of the standards in the Clean Water Act. (Doc. 108-1 at ¶ 7). Plaintiffs have satisfied exhaustion as EPA was aware of the issues that coincided with the Poison Pill and had a chance to address them. Accordingly, an award of fees and costs in this case would not be proper.

### III. Whether the Court should vacate its Consolidated Order and Order on Motions to Stay (Doc. 72)

The Court consolidated Waterkeeper I (CV-16-52-GF-BMM) and Waterkeeper II (20-27-GF-BMM) on October 30, 2020. TSRA argues that the Court should vacate the Order because Waterkeeper had no basis for relief in Waterkeeper II and that the Ninth Circuit ruling confirmed that nutrients rules complied with the law. (Doc. 107 at 23). TSRA's argument fails for two reasons.

First, TSRA has failed to file a proper motion in accordance with Fed. R. Civ. P. 7 and L.R. 7.1. Instead, TSRA demands this relief in a response brief. Second, TSRA's application *of United States v. Munsingwear, Inc.*, 340 U.S. 36, 40-41 (1950), is misguided. TSRA insists that vacatur represents the appropriate

8

relief because it ensures that "intervening mootness [would] not create legal consequences for TSRA when it is deprived of an appeal right." (Doc. 107 at 23); *See id.* TSRA will not be prevented, however, from pursuing an appeal for any future Poison Pill litigation and accordingly has not been deprived of any appeal right. Furthermore, TSRA already has appealed successfully the Circular 12-B variance and the Legislature has repealed the 12-A numeric criteria. *Munsingwear* protects parties' rights to an appeal that would otherwise be deprived as a result of the actions of parties other than the party seeking the appeal. 340 U.S. at 40. Any legislative action taken in relation to the numeric nutrient criteria has not been caused by Waterkeeper. The Court declines to vacate the Consolidated Order (Doc. 72).

Accordingly, **IT IS ORDERED** that Waterkeeper's Motion for Partial Dismissal (Doc. 105) is **GRANTED**.

1. The remaining claims in Waterkeeper II are dismissed without prejudice, each party to bear its own fees and costs.

Dated the 4th day of April, 2022.

Brian Morris, Chief District Judge
United States District Court